UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:19-cr-341-T-33AEP

JOSEPH WILLETT

_____/

**ORDER**

This cause is before the Court pursuant to Defendant
Joseph Willett's pro se Motion for Urgent Action on Reduction
of Sentence (Doc. # 50) and supplemental letter (Doc. # 50-
1), filed on August 16, 2020. The United States of America
responded on September 18, 2020. (Doc. ## 56-57). For the
reasons that follow, the Motion is denied.

I.   **Background**

On November 22, 2019, the Court sentenced Willett to 27
months' imprisonment after he pled guilty to conspiracy to
commit money laundering. (Doc. # 36). Willett is 31 years old
and is projected to be released in November 2021. (Doc. # 57
at 3).

In his Motion, Willett seeks home confinement or
compassionate release under Section 3582(c)(1)(A)(i), as
amended by the First Step Act, primarily based on the need

1

for someone to care for his mother, who is suffering from a terminal cancer diagnosis. (Doc. # 50). The United States has responded, and the Motion is ripe for review.

## II.  **Discussion**

As an initial matter, Willett asks in his Motion for the Court to grant him home confinement. (Doc. # 50 at 1). But the Court has no authority to direct the Bureau of Prisons (BOP) to place Willett in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020)(district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011)("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b)("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Thus, the Court agrees with the United States that Willett's request for home confinement falls outside Section

2

3582(c)'s grant of authority. The Motion is denied as to this requested relief.

To the extent that Willett also requests compassionate release from prison, the United States argues that the Motion should be denied on the merits. (Doc. # 57). The Court agrees.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially applies to Willett is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Willett bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

3

As directed by Congress in 28 U.S.C. § 994, the
Sentencing Commission released a policy statement that
outlines the special circumstances that warrant a sentence
reduction. United States of America v. Mollica, No. 2:14-CR-
329-KOB, 2020 WL 1914956, at *4 (N.D. Ala. Apr. 20, 2020).
U.S.S.G. § 1B1.13 contains three predefined "extraordinary
and compelling" circumstances: medical condition, age, and
family circumstances. U.S.S.G. § 1B1.13, Application Note 1.
Additionally, U.S.S.G. § 1B1.13 contains a fourth provision
— a "catchall provision" delegating to the Director of the
BOP the power to determine if additional circumstances are
extraordinary and compelling. United States v. Catanzarite,
No. 18-0362 (ES), 2020 WL 2786927, at *3 (D.N.J. May 29,
2020).

Regarding family circumstances, the policy statement
lists two categories of family circumstances that qualify as
extraordinary and compelling: "(i) The death or
incapacitation of the caregiver of the defendant's minor
child or minor children[; or] (ii) The incapacitation of the
defendant's spouse or registered partner when the defendant
would be the only available caregiver for the spouse or
registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C).

Willett alleges that his circumstances are extraordinary and compelling based on his family circumstances: his mother is suffering from terminal cancer and his fiancé is raising their minor children alone. (Doc. # 50). While unfortunate, neither of these circumstances fits within the two categories of family circumstances specified in the application note to U.S.S.G. § 1B1.13. Thus, only the "catchall provision" could potentially apply.

Although U.S.S.G. § 1B1.13 has not been updated since the First Step Act, some courts still apply this policy statement, which requires the BOP to determine whether an inmate's circumstances are extraordinary and compelling to satisfy the "catchall provision." See United States v. Coffman, No. 5:09-CR-181-KKC, 2020 WL 2614634 (E.D. Ky. May 22, 2020)(finding that the policy statement, with its requirement that the BOP Director determine what other reasons qualify as extraordinary and compelling, still applies after the First Step Act).

Other courts, however, recognize the tension between U.S.S.G. § 1B1.13 and the First Step Act. See e.g., United States v. Maumau, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020)(finding U.S.S.G § 1B1.13 inapplicable because "continuing to give the [BOP] Director

a veto over [compassionate release] requests would defeat [the First Step Act's] goal"); United States v. Hope, No. 90-cr-06108-KMW-2, 2020 WL 2477523 (S.D. Fla. Apr. 10, 2020)(granting the defendant a sentence reduction, without the prior approval of the BOP, under the catchall provision because the court had the independent discretion to do so); United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)(stating that, while the policy statement may provide "helpful guidance," it was not binding on the Court's assessment of the defendant's motion for compassionate release).

While there is debate about whether U.S.S.G. § 1B1.13 still applies after the First Step Act, this Court sides with those courts who find the policy statement inapplicable in light of the First Step Act. The BOP considered Willett for compassionate release but determined that he did not meet the criteria for extraordinary and compelling circumstances. Because U.S.S.G. § 1B1.13 no longer controls, the Court has the authority to independently determine whether Willett's circumstances are extraordinary and compelling. See United States v. Barsoum, No. 8:11-cr-548-T-33CPT, 2020 WL 3402341, at *2 (M.D. Fla. June 19, 2020)("Because U.S.S.G. § 1B1.13 no longer controls, the Court has the authority to independently

6

determine whether Barsoum's circumstances are extraordinary and compelling.").

Nevertheless, the Court finds that Willett's circumstances are not extraordinary and compelling and the 18 U.S.C. § 3553(a) factors do not favor release. Again, the Court sympathizes with Willett's family difficulties; however, this circumstance does not warrant Willett's release from prison when he has served less than half of his sentence. See United States v. Ingram, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019)("While the Court empathizes with the Ingram family's difficult situation and understands that Mrs. Ingram's medical conditions are no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' simply do not include Ingram's mother. Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."); see also United States v. Brown, No. 3:18-CR-29-DCB-LRA, 2020 WL 3440941, at *3 (S.D. Miss. June 23, 2020)("Several cases throughout the country have found that the need to care for elderly parents is not an 'extraordinary' circumstance under the First Step Act.").

As the United States notes (Doc. # 57 at 1-2, 12), the Court was aware of Willett's mother's terminal cancer diagnosis when the Court sentenced Willett to 27 months'

imprisonment. His mother's diagnosis was outlined in the final presentence investigation report and Willett's mother spoke at the sentencing. <u>See</u> (Doc. # 30 at 19); <u>see</u> <u>also</u> (Doc. # 57-1 at 19). Even taking this situation into account, the Court determined that a sentence of 27 months' imprisonment — the low end of the guidelines — was appropriate in light of the seriousness of the offense and Willett's criminal history. <u>See</u> (Doc. # 57-1 at 24-25) ("So, why did I sentence you as I did, Mr. Willett? It's your criminal history. You have had other experiences, other interactions with the criminal justice system. Fraudulent checks, selling counterfeit drugs, providing false identification to officers, withholding information from doctors. This is just one of a series of deceitful and fraudulent and illegal behavior.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Joseph Willett's pro se Motion for Urgent Action on Reduction of Sentence (Doc. # 50) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE